Lehr v. Visconti & Assoc.          CV-95-488-JD  09/19/96
                UNITED STATES DISTRICT COURT FOR THE
                      DISTRICT OF NEW HAMPSHIRE


Steven R. Lehr

     v.                              Civil No. 95-488-JD

Visconti & Associates, Ltd., et al.


                         O R D E R


     This case arises out of a dispute between Attorney Mark

Hagopian ("Hagopian") and the law firm of Visconti & Associates,

Ltd. ("Visconti"), formerly Visconti & Petrocelli ("V & P"), over

entitlement to a fee for representing the interests of Alfred and

Carl Nordin ("Nordins") in a contest concerning the will of their

aunt, Helen H. Cotter.  The Nordins had retained V & P on a

contingency fee basis (33 1/3 percent of the amount recovered

over and above any bequests) to contest their aunt's will.

Hagopian, who at the time was employed by V & P, negotiated the

fee agreement and represented the Nordins successfully through a

trial and eventual settlement of the contest which occurred prior

to any decision being rendered by the probate judge.  During the

trial, Hagopian decided to leave V & P.  The Nordins, after

deciding to have Hagopian continue as their attorney, terminated

their contract with V & P and entered into a contingent fee

arrangement with Hagopian (30 percent of the amount recovered

over and above any bequests).

Following the successful conclusion of the will contest, Hagopian and V & P were unable to agree on their respective fees. In August of 1994, V & P filed a notice of attorney's lien in probate court, in the estate of Helen Cotter, against all creditors and parties, for the quantum meruit value of legal services provided to Carl Nordin. In June of 1995, after Attorney Girard Visconti had urged Hagopian to place the amount of the disputed fee in escrow, Hagopian placed an amount equal to the 33 1/3 percent contingent fee ($197,980.20) under the "Hagopian, Visconti & Nordin Trust Agreement" with Attorney Steven R. Lehr serving as trustee ("trustee"). In August of 1995, Visconti, formerly V & P, filed suit in superior court against Hagopian and Archibald Kenyon, co-administrators of the estate of Helen Cotter, claiming the quantum meruit value of the services Hagopian performed while he was employed by V & P.

In September of 1995, the trustee filed the complaint in this action invoking jurisdiction of the court under 28 U.S.C. § 1332 and § 1335. Visconti has moved to dismiss the complaint (document no. 17) pursuant to Fed. R. Civ. P. 12(b)(1) on the grounds that Hagopian colluded to create diversity and adversity.

"In the case of . . . bills of interpleader . . . the gist of the relief sought is the avoidance of the burden of unnecessary litigation or the risk of loss by the establishment

2

of multiple liability when only a single obligation is owing. These risks are avoided by adjudication in a single litigation binding on the parties." Texas v. Florida, 306 U.S. 398, 412 (1938). In this direct and straightforward statement, the United States Supreme Court has set forth the basic rationale underlying the procedural device referred to as interpleader. A more comprehensive statement concerning the purposes underlying interpleader is set forth in 3A James W. Moore, et al., Moore's Federal Practice, § 2202[1] (2d ed. 1995):

> Interpleader is a procedural device which enables a person holding money or property, in the typical case conceded to belong in whole or in part to another, to join in a single suit two or more persons asserting mutually exclusive claims to the fund. The advantages of such a device are both manifest and manifold. A many-sided dispute is settled economically and expeditiously within a single proceeding; the stake-holder is not obliged to determine at his peril which claimant has the rightful claim, and is shielded against the possible multiple liability flowing from inconsistent and adverse determinations of his liability to different claimants in separate suits. Even in those cases where there is little threat of multiple liability, the stake-holder is freed from the vexation of multiple lawsuits and may be discharged from the proceeding so that the true dispute will be settled between the true disputants, the claimants. The claimants are benefited as well, since search for and execution upon the debtor's assets are obviated, the spoils of the contest being awarded directly out of the fund deposited with the court. Interpleader provisions, being remedial in nature, are to be liberally construed so as to best effectuate their purposes. It is therefore well settled that the right to interpleader depends merely upon the stake-holder's good faith fear of adverse claims, regardless of the

3

merits of those claims or what he believes the merits to be.

The court will first consider whether or not it has jurisdiction under 28 U.S.C. § 1335(a). Briefly stated, there are four factors which are necessary for jurisdiction to lie under this statute: (1) the stakeholder must have possession or custody of money or property worth $500 or more; (2) two or more persons or entities must have adverse claims to the stake; (3) two or more of the claimants must be of diverse citizenship; and (4) the stakeholder must deposit the stake into the court registry or provide a suitable bond in lieu thereof. The citizenship of the plaintiff is immaterial to the determination of diversity. See 3A Moore, supra, § 22.9[2].

Defendants Visconti and Hagopian are residents of Rhode Island and the defendants Nordin are residents of Massachusetts. The amount in controversy exceeds $500. Therefore, factors one and three are satisfied.

In determining whether the defendants are adverse claimants, the court has considered all of the circumstances surrounding the relationship of the defendants up to the time this complaint was filed, and in particular has considered the following facts: (1) the action taken by V & P in filing an attorney's lien against the estate of Helen Cotter in support of a quantum meruit claim

4

for legal services and disbursements rendered to Carl Nordin; (2) the action taken by Visconti in filing a civil action against the co-administrators of the estate seeking quantum meruit value for the legal services of V & P; (3) Hagopian's claim for legal fees based on a contingency fee agreement with the Nordins; (4) Visconti's claim for legal fees based on V & P's contingent fee agreement with the Nordins; (5) the Nordins decision to change attorneys during the course of the litigation and the two contingent fee agreements which they entered into; (6) the claims which Hagopian, Visconti and the Nordins have to the trust res currently held by the plaintiff trustee. The amoebic nature of Visconti's claims cannot deprive the court of jurisdiction which clearly existed when the complaint was filed and continues to exist. Indeed, the fact that those claims have been made by Visconti is an important factor justifying the plaintiff's resort to interpleader. Until all of the claims made by the defendants are adjudicated, they remain adverse to each other. Therefore, the court rules that the defendants are adverse claimants to the trust res being held by the plaintiff trustee. Factor two is satisfied.

Visconti alleges that Hagopian colluded to create diversity and adversity. However, the court finds these allegations to be without merit in its analysis of § 1335 jurisdiction. As the

court has already ruled, the defendants are adverse claimants, a status in which they have inevitably found themselves given the history of the relationships between them which have been outlined above. There was no need for Hagopian to manufacture adversity among the defendants since adversity between them arose once the attorneys began to dispute what their share of the legal fees should be. Under 28 U.S.C. § 1335(a), the citizenship of the plaintiff is irrelevant in determining whether or not the court has subject matter jurisdiction over this action and therefore whether or not Hagopian colluded to manufacture diversity jurisdiction with respect to the plaintiff is irrelevant to a determination of jurisdiction under § 1335.

Visconti also contends that the trust bond ("bond") posted by the plaintiff is inadequate to protect the interests of the adverse claimants. According to the docket notations maintained by the clerk's office in the District of Rhode Island,[1] a bond was filed on September 20, 1995, by the trustee in the amount of $197,980.20 (document no. 2) "subject to court approval." The court has not yet approved the bond. The bond runs from the trustee to the defendants for the sum of the trust res, less expenses of administration. The court finds that the trust

---

[1]This case was assigned to a judge in the District of New Hampshire after the judges in the District of Rhode Island recused themselves.

6

agreement gives the trustee powers over the trust res which are far broader than those necessary to protect the interests of all of the defendants in having any judgment one or more of them may receive in this action satisfied. Therefore, the court will not approve the bond that has been filed but in lieu thereof will require the plaintiff to deposit the trust res into the court registry. The jurisdiction of the court over this case is not divested as a result of the court's disapproval of the bond since the plaintiff is entitled to a reasonable opportunity to comply with the court's order.

Therefore, the plaintiff Steven R. Lehr, as trustee under the Hagopian, Visconti and Nordin Trust Agreement, is hereby ordered to deposit into the registry of the court the sum of $197,980.20, together with any interest and income earned thereon from the date the trust agreement was executed, said sum to remain in the registry until the court orders disbursement of all or any part thereof to any adverse claimant or claimants determined to be entitled thereto. The plaintiff shall make said deposit within twenty days of the date of this order.

Since the court has determined that it has jurisdiction over the subject matter of this case under 28 U.S.C. § 1335, provided the plaintiff makes the deposit as herein ordered, there is no need to consider Visconti's claims under 28 U.S.C. § 1332.

7

Visconti's motion to dismiss (document no. 17) is denied without prejudice to review if the plaintiff fails to make the deposit as herein ordered.

Following the deposit of the funds into the registry as herein ordered, the court will entertain an appropriate motion from the plaintiff that he be discharged from the proceeding and from further liability with regard to the interpleaded funds.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

September 19, 1996

cc:   Paul A. Lancia, Esquire
      Max Wistow, Esquire
      Michael G. Sarli, Esquire
      Joseph J. Nicholson Jr., Esquire
      Raymond F. Burghardt, RI District Court